# FEERICK NUGENT MacCARTNEY PLLC
## ATTORNEYS AT LAW

DONALD J. FEERICK, JR.
BRIAN D. NUGENT*
J. DAVID MacCARTNEY, JR.
MARY E. MARZOLLA*

OF COUNSEL
DAVID J. RESNICK
KEVIN F. HOBBS
MICHAEL K. STANTON, JR.

ROCKLAND COUNTY OFFICE
96 SOUTH BROADWAY
SOUTH NYACK, NEW YORK 10960
TEL. 845-353-2000   FAX. 845-353-2789

ORANGE COUNTY OFFICE
6 DEPOT STREET, SUITE 202
WASHINGTONVILLE, NEW YORK 10992
*(Not for service of papers)*

www.fnmlawfirm.com

*All correspondence must be sent to Rockland County Office*

JENNIFER M. FEERICK
STEPHEN M. HONAN*+
ALAK SHAH*
PATRICK A. KNOWLES*
JOHN J. KOLESAR III
PATRICK J. McGORMAN

*LICENSED ALSO IN NEW JERSEY
+LICENSED ALSO IN CONNECTICUT

November 24, 2020

<u>Via ECF and E-mail</u>
Oleg Rivkin, Esq.
Rivkin Law Group, PLLC
800 Third Avenue, Suite 2800
New York, New York 10022

   Re: **Belya v. Metropolitan Hilarion, et al.**
      SDNY Case No.: 20-cv-6597 (VM)

Dear Mr. Rivkin:

  We represent the Defendants in the above-referenced matter, except for Pavel Loukianoff, and write, pursuant to the Hon. Victor Marrero's individual practices regarding pre-answer motions to dismiss, to address issues which compel our Client's to move to dismiss in lieu of answering the Complaint.

  Plaintiff alleges claims for: [1] defamation; [2] defamation *per se*; [3] false light; [4] defamation by innuendo/implication; and [5] vicarious liability against the Synod ("Synod") of the Russian Orthodox Church Outside of Russia ("ROCOR") and the EAD, based on statements contained in a September 13, 2019 letter ("9/13/19 Letter") delivered from Defendant Eastern American Dioceese ("EAD") to Defendant Metropolitan Hilarion and the Synod, pertaining to Plaintiff's nomination, election, and confirmation as Bishop, a high ranking position in the ROCOR's Clergy. A copy of the 9/13/19 Letter is enclosed because its contents expose why dismissal is appropriate.

  Defendants submit that, under the law of either New York or Florida, dismissal is appropriate for the following reasons: [1] subject matter jurisdiction is lacking because the dispute concerns an ecclesiastical issue that is nonjusticiable under the First Amendment's Establishment Clause; 2) personal jurisdiction is lacking over out-of-state Defendants pursuant to the forum state's long-arm jurisdiction; and 3) Plaintiff fails to state a valid cause of action.

FEERICK NUGENT MacCARTNEY PLLC

Belya v. Metropolitan Hilarion Letter
November 24, 2020
Page 2

**Subject Matter Jurisdiction is Lacking:** Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("FRCP"), dismissal is warranted because the First Amendment's Establishment Clause renders nonjusticiable Plaintiff's claims because they involve an ecclesiastical dispute. See, e.g., Matter of Congregation Yetev Lev D'Satmar, Inc. v. Kahana, 9 N.Y.3d 282, 286 (2007) ("First Amendment forbids civil courts from interfering in or determining religious disputes…"); Sieger v. Union of Orthodox Rabbis of U.S. and Canada, Inc., 1 A.D.3d 180 (1st Dept. 2003) ("The allegedly defamatory statements which would require an examination of religious doctrine or practice…are not actionable …"); and Hyung Jin Moon v. Hak Ja Han Moon, 431 F.Supp.3d 394, 413 (S.D.N.Y. 2019) (holding that the court may not engage merits of plaintiff's defamation claim because it would have to "pass upon the truth or falsity of statements concerning plaintiff's or Mrs. Moon's purported religious standing…").[1] The 9/13/19 Letter contains specific statements surrounding Plaintiff's nomination, election, and confirmation to Bishop. Reviewing the merits of Plaintiff's allegations would require the Court to interpret ROCOR's religious laws, rules, and regulations to properly evaluate the truth or falsity of the statements contained within the 9/13/19 Letter, to determine Plaintiff's claims. The Court cannot resolve an ecclesiastical dispute or act as appellate authority.

**Personal Jurisdiction is Lacking:** Pursuant to FRCP 12(b)(2), personal jurisdiction over the out-of-state Defendants is lacking. New York's long-arm statute, as the forum state, governs. Goldfarb v. Channel One Russia, 442 F.Supp.3d 649, 660 (SDNY 2020). New York's long-arm statute for defamation claims is CPLR § 302(a)(1), which limits jurisdiction over non-domiciliaries who "transact any business within the state" "more narrowly in defamation cases" than other litigation. SPCA of Upstate N.Y., Inc. v. American Working Collie Assn., 18 N.Y.3d 400, 404-5 (2012) ("there must be 'a 'substantial relationship' between [the purposeful] activities and the transaction out of which the cause of action arose."). There is no substantial relationship present. Rather, Plaintiff's Complaint relies upon the EAD's 9/13/19 Letter and is entirely devoid of any specific allegations regarding any defamatory actions taken in New York by the six (6) individually named out-of-state Defendants. The out-of-state Defendants' only contact to New York is their affiliation with ROCOR and the Synod, which is not a "substantial relationship" between purposeful activities in New York and the transaction complained of to

---

[1] While Plaintiff alleges Florida's substantive law applies, New York's choice of law rules require the application of a nine factor test to determine the appropriate law to apply. Jewell v. NYP Holdings, Inc., 23 F.Supp.2d 348, 360 (S.D.N.Y. 1998) (holding New York law applies to Georgia plaintiff's defamation claim because the final six factors favored New York, whereas the first two factors favored Georgia and the third was split). Applying the applicable nine factor test compels application of New York's substantive law because the instant case would likely split in an identical matter to Jewell, thus, favoring New York as the proper substantive law. Nevertheless, even if the Court applies Florida law, Plaintiff's defamation claims present a non-justiciable controversy. House of God v. White, 792 So.2d 491, 492-495 (Fla. 4th DCA 2001) (holding count I against pastor who called church member "slut" could proceed, but counts II and III against church could not due to "excessive entanglement with church policies, practices, and beliefs.") and Goodman v. Temple Shir Ami, Inc., et al., 712 So.2d 775 (Fla. 3d DCA 1998) (holding Rabbi's defamation claim non-justiciable because inquiring into religious reasoning behind dismissal of spiritual leader is not proper for a civil court).

**FEERICK NUGENT MacCARTNEY PLLC**

Belya v. Metropolitan Hilarion Letter
November 24, 2020
Page 3

warrant being hailed into New York. The EAD is based in New Jersey and none of the Defendants are alleged to have even visited New York.

**Plaintiff Has Failed to State a Cause of Action:** Pursuant to FRCP 12(b)(6), Plaintiff fails to state a valid claim because accepting the facts alleged in the light most favorable to the Plaintiff makes it "clear that no relief could be granted under any set of facts that could be provided consistent with the allegations." H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-250 (1989). The 9/13/19 Letter undermines the allegations. And, "[in] n assessing the legal sufficiency of a claim, the Court may consider not only the facts alleged in the complaint, but also any document attached as an exhibit to the Complaint or incorporated by reference." Gebhardt v. Allspect, Inc., 96 F.Supp.2d 331, 333 (S.D.N.Y. 2000) (citations omitted).

First, Plaintiff's false light cause of action is not recognized in New York or in Florida. Freeman v. Johnston, 192 A.D.2d 250, 253 (1st Dept 1993) aff'd on other grounds 84 N.Y.2d 52 (1994) citing Arrington v. N.Y. Times, 55 N.Y.2d 433, 442 (1982); Jews for Jesus, Inc. v. Rapp, 997 So.2d 1098 (Fla. 2008); and Anderson v. Gannet Co., Inc., 994 So.2d 1048, 1050 (Fla. 2008) ("Florida does not recognize the tort of false light 'because the benefit of recognizing the tort…is outweighed by the danger…"). Second, Plaintiff's other four causes of action all allege defamation based upon the EAD's 9/13/19 Letter. See Complaint at ¶ 60(a)-(h). However, the statements in the 9/13/19 Letter are not defamatory and directly contradict Plaintiff's allegations. The 9/13/19 Letter does not at any point state that Plaintiff falsified, forged, or fabricated any signatures or documents. Third, there is no support for individual liability. The allegedly defamatory statements were made by the EAD, via its 9/13/19 Letter, and its members in their capacity as board members. There is no allegation implicating the privilege of doing business in corporate form. TNS Holdings v. MKI Sec. Corp., 92 NY2d 335, 340 (1998) and Turner Murphy Co. v. Specialty Constructors, Inc., 659 So.2d 1242, 1245 (Fla. 1st DCA 1995). Fourth, Defendant Gan did not publish any defamatory statement about Plaintiff. Rather, the relevant Facebook post, a copy of which is also enclosed, clearly reveals that it was merely a link to an article published by an independent periodical, the "Eastern Orthodox Christian News," with no statement supporting or admonishing the contents – it was merely the sharing of a relevant news article.

In light of all of the foregoing, Defendants submit that Plaintiff's Complaint should be dismissed. Pursuant to Judge Marrero's individual practices, we look forward to your response. We will await the conclusion of this informal process prior to moving to dismiss or filing an answer, if warranted.

Very truly yours,

/s Donald J. Feerick, Jr.
Donald J. Feerick, Jr., Esq.
Enc(s).   Alak Shah, Esq.



**ВОСТОЧНО-АМЕРИКАНСКАЯ ЕПАРХІЯ**
Русская Православная Церковь Заграницей

**EASTERN AMERICAN DIOCESE**
Russian Orthodox Church Outside of Russia

210 Alexander Avenue · Howell, NJ 07731 USA
Phone: (732) 961-1917 · Fax: (732) 961-1916
eadiocese@gmail.com · www.eadiocese.org

№: 09.72.19
August 21/September 3, 2019
*Holy Apostle Thaddeus of the Seventy*

To His Eminence, the Very Most Reverend
**HILARION**
Metropolitan of Eastern America & New York
& the Members of the Synod of Bishops
of the Russian Orthodox Church Outside of Russia

Your Eminences, Your Graces!

The confirmation by the Holy Synod of the Russian Orthodox Church of "the election of Archimandrite Alexander (Belya) as Bishop of Miami, vicar of the Eastern American diocese" and the preliminary study of the latest complaints received from Florida concerning him, resulted in serious discussion at the meeting of the Diocesan Council of the Eastern American Diocese, which was held on Tuesday, September 3rd of this year. With a sense of responsibility for our Church life, we feel we must respectfully and deferentially bring forward this concern and report the following to the Synod of Bishops.

1) It turns out that Metropolitan Hilarion of Eastern America & New York knew nothing about the written appeals directed to Moscow containing a request for confirmation of the "episcopal election" of the Archimandrite by the Synod of Bishops (which never took place). The Diocesan Council members have examined the content of these letters, which, as stated by His Eminence, were drawn up in an irregular manner. For example, the "request" does not contain



the appropriate citation from the decision of the Synod of Bishops, nor does it contain a biography of the cleric "elected."

2) The letter submitted with the signature of Archbishop Gabriel of Montreal & Canada raises doubts, as well, as it was not issued numbered or dated. In addition, it was not printed on the official letterhead of the Most Reverend Gabriel. Nevertheless, we understand that the Holy Synod, having received the appeal supposedly from our First Hierarch, had no reason to doubt the authenticity of the written request of His Eminence.

3) Unfortunately, in the course of the initial examination of the complaints against Archimandrite Alexander (Belya), facts were confirmed about his breaking of the seal of Confession, and of his use of information obtained during Confession and confidential discussions for the purpose of denigrating parishioners and of controlling them.

4) To date, the members of the Diocesan Council do not have any information regarding the ownership of the property of the Cathedral of Blessed Matrona of Moscow in Miami and St. Nicholas Monastery, both headed by Archimandrite Alexander. Are they organized according to the norms of the Russian Church Abroad and the legal requirements applicable to "non-profit" organizations? Do the cathedral parish and the monastery conform to ROCOR's "Normal Parish By-laws" and the "Statutes for Monasteries" respectively? We are disturbed by the total lack of financial (and other) accountability. It is known that the commercial activity of the rector of the Cathedral of Blessed Matrona of Moscow in Miami and of its church warden, Fr. Alexander's brother Ivan, has for many years caused many questions to be asked among benefactors and parishioners.

5) Preliminary study of all of the complaints has shown a whole range of unseemly behavior of both the rector and church warden, public criticism of the Hierarchy, and widespread violation of legal norms, regulatory and criminal, requiring specific investigation of their activity.

From all this, it is clear that not only are the above-mentioned petition letters invalid, but the candidacy of Archimandrite Alexander (Belya) for the episcopacy cannot possibly be given serious consideration, due to the current situation in the Florida Deanery and the submission of so many serious complaints against him. Thereby, we humbly appeal to our ruling hierarch to suspend Archimandrite Alexander (Belya) from performing any clerical functions, to temporarily remove him and the



warden of the Cathedral of the Blessed Matrona of Moscow in Miami and St. Nicholas Monastery from all duties and church obediences until the completion of the investigation, and, to formally open such an investigation. We ask the eminent members of the Synod of Bishops to remove the candidacy of Archimandrite Alexander (Belya) permanently and to never consider it again in the future. We also ask that the Synod to ascertain the circumstances of the confirmation of the non-existent "election."

We ask for your holy prayers and blessing of our efforts for the glory of God and for the benefit of our Church life. We remain the unworthy and prayerful servants of Your Eminences and Graces,

*Bishop of Manhattan*
*Vicar of the Eastern American Diocese*

Archpriest Victor Potapov
*Dean of the Capital Region*

Archpriest Serge Lukianov
*Dean of New Jersey*

Archpriest David Straut
*Rector of St. Elizabeth the New-Martyr Church*

Archpriest Alexandre Antchoutine
*Dean of Long Island & the Hudson Valley*

Archpriest Mark Mancuso
*Dean of the Carolinas & Tennessee*

Priest George Temidis
*Recording Secretary*

COPY

