# FEERICK NUGENT MacCARTNEY PLLC
## ATTORNEYS AT LAW

**ROCKLAND COUNTY OFFICE**
96 SOUTH BROADWAY
SOUTH NYACK, NEW YORK 10960
TEL. 845-353-2000   FAX. 845-353-2789

**ORANGE COUNTY OFFICE**
6 DEPOT STREET, SUITE 202
WASHINGTONVILLE, NEW YORK 10992
*(Not for service of papers)*

www.fnmlawfirm.com

*All correspondence must be sent to Rockland County Office*

DONALD J. FEERICK, JR.
BRIAN D. NUGENT*
J. DAVID MacCARTNEY, JR.
MARY E. MARZOLLA*

OF COUNSEL
DAVID J. RESNICK
KEVIN F. HOBBS
MICHAEL K. STANTON, JR.

JENNIFER M. FEERICK
STEPHEN M. HONAN*+
ALAK SHAH*
PATRICK A. KNOWLES*
PATRICK J. McGORMAN

*LICENSED ALSO IN NEW JERSEY
+LICENSED ALSO IN CONNECTICUT

December 8, 2020

*Via ECF*
Honorable Victor Marrero, U.S.D.J.
United States Courthouse
500 Pearl Street, Suite 1610
New York, NY  10007

     Re:    *Alexander Belya v. Metropolitan Hilarion, et al.*
            20-cv-6597 (VM) (BCM)

Dear Judge Marrero:

     We represent the Defendants[1] in the above-referenced matter and respectfully write pursuant to Your Honor's Individual Practice Rules to request a conference to obtain appropriate guidance or ruling on whether an amendment or pre-answer motion to dismiss is warranted. Copies of the Parties' pre-motion communications are attached hereto.

     To summarize, Plaintiff's defamation-related claims[2] warrant dismissal because: (1) Plaintiff fails to state a claim for relief since the alleged statements are not defamatory and, even if defamatory, are protected by applicable privileges; (2) this Court lacks subject matter jurisdiction because this case concerns non-justiciable ecclesiastical issues under the First Amendment's Establishment Clause; (3) no personal jurisdiction exists over out-of-State Defendants pursuant to New York's long-arm jurisdiction; and (4) among other reasons.

**<u>Plaintiff Does Not Plausibly State a Viable Claim for Relief:</u>**

     First, while Plaintiff has agreed to withdraw his false light claim, Plaintiff says that certain statements in the September 3rd Letter are defamatory because they may be "reasonably susceptible to a defamatory connotation in context". But a plain reading of the alleged defamatory statements does not support Plaintiff's position. There is no actionable defamatory statement alleged.

---

[1] We represent all of the Defendants except for Pavel Loukianoff.

[2] Plaintiff voluntarily withdrew his third claim for relief for false light and that claim is no longer before the Court.

"Whether particular words are defamatory presents a legal question to be resolved by the court[s] in the first instance." Celle v Filipino Reporter Enterprises Inc., 209 F.3d 163, 177 (2d Cir. 2000) (quotations and citation omitted; alteration in original). In making this threshold determination, the alleged defamatory statements are not read in isolation; they are construed in the context of the entire statement and tested against the understanding of the average reader. Id. "Mere allegations, rather than objective statements of fact, are not actionable." See, e.g., Boulos v. Newman, 302 A.D.2d 932 (4th Dept. 2003); Vengroff v. Coyle, 231 A.D.2d 624, 626 (2d Dep't 1996) ("a reasonable reader would understand the statements made about the plaintiffs 'as mere allegations to be investigated rather than as facts'"). Nor are expressions of opinion supported by a recitation of the facts upon which they are based. Mann v. Abel, 10 N.Y.3d 271, 276 (2008). Here, the alleged defamatory statements are mere allegations and/or statements of opinion supported with facts. See, e.g., Compl. at ¶ 42 ("The letter . . . raises doubts as well, as it was not issued numbered or dated. In addition, it was not printed on official letterhead."). As such, the alleged statements are not actionable as a matter of law.[3]

Second, the challenged statements, even if defamatory were made in the discharge of Defendants' private duty and in furtherance of the common interest of this religious organization. See, e.g., Kamerman v. Kolb, 210 A.D.2d 454 (2d Dept. 1994) (letter written and received by religious institution concerning president of religious institution was privileged); Sborg v. Green, 281 A.D.2d 230 (1st Dept. 2001) (statement by plaintiff's Bishop and Church run employer that plaintiff was unstable and children disturbed was privileged); Esser v. T-Mobile USA, Inc., 03 CIV. 9485 (NRB), 2004 WL 1276839, at *1 (S.D.N.Y. June 8, 2004) (granting the defendant's FRCP 12(b)(6) motion to dismiss the plaintiff's defamation claim pursuant to qualified common interest privilege). Defendants' good faith is presumed absent an abuse of privilege. Matter of Kantor v. Pavelchak, 134 A.D.2d 352, 352 (2d Dept. 1987) ("[T]he alleged defamatory statements were protected by this privilege as they were made by members of the church hierarchy to each other and to members of the church council in regard to rumors of alleged acts of impropriety on the part of the plaintiff, a council member.")[4]

**Subject Matter Jurisdiction is Lacking:**

This case invites the Court to inquire "into religious law and polity" and resolve disputes regarding Defendants' internal organization, ecclesiastical rules, customs and laws. It is not a purely secular dispute. Although Plaintiff claims "specific statements surrounding plaintiff's nomination, election and confirmation to Bishop" in the September 3rd letter "form no part of plaintiff's claim", the allegedly defamatory statements are all based upon those very non-defamatory statements. Compare Complaint at ¶ 60(a)-(h) with September 3rd Letter (enclosed

---

[3] Whether third-party news periodicals may have interpreted the contents of the letter in a manner that Plaintiff disapproved of may entitle Plaintiff to pursue relief against those periodicals, but the standalone statements of news periodicals does not give Plaintiff a viable claim against Defendants here.

[4] With particular respect to Individual Defendants, Plaintiff's cited cases are inapplicable. The Individual Defendants signed the letter in their capacity as officers of the EAD, and did not involve any individual torts or intentional misconduct. In addition, Third, Plaintiff's response regarding Defendant Gan confirms that the social media post is not a proper basis for individual liability, and he is therefore no different than any of the other Individual Defendants; that is, no individual liability attaches to him, either.

**FEERICK NUGENT MacCARTNEY PLLC**                                                                December 8, 2020
P a g e | 3

herewith).  The September 3rd Letter says two prior letters were "drawn up in an irregular manner" because "the 'request' does not contain the appropriate citation from the decision of the Synod of Bishops, nor does it contain a biography of the cleric 'elected.'"  Plaintiff says these statements form the basis of his claim.  How Defendants elect a Bishop candidate is not for this Court.  See, e.g., Drake v. Moulton Mem'l Baptist Church of Newburgh, 93 A.D.3d 685 (2d Dept. 2012) (holding courts could not hear defamation claims brought by plaintiffs who had been removed from their positions as trustees because "resolution of the issues raised would necessarily involve an impermissible inquiry into religious doctrine or practice")

### Personal Jurisdiction is Lacking over Out-of-State Defendants:

This Court lacks personal jurisdiction over the out-of-state Defendants because the allegations are insufficient under New York's long-arm jurisdiction in defamation cases.  The facts here are similar to SPCA of Upstate N.Y., Inc. v. American Working Collie Assn., 18 N.Y.3d 400 (2012), where New York's Highest Court held that the plaintiff did not establish personal jurisdiction over out-of-state defendants.  In SPCA, the plaintiff sued an Ohio corporation and its president, a Vermont resident, for alleged defamatory statements published on the corporate website, because the corporation had members in New York.  Id.  The Court held the president defendant's phone calls and two short visits to New York, in addition to donations, "do not constitute purposeful activities related to the asserted cause of action that would justify bringing her before the New York courts."  Id. at 405.  Here, Defendant EAD, a New Jersey corporation, is sued in New York because it has affiliate churches in New York.  But those churches have nothing to do with the alleged defamatory statements.  More, the out-of-state individual Defendants' participation in the drafting of the September 3rd Letter was allegedly conducted "either in person or telephonically", without being present in New York, and were limited to communicating their approval of the contents.  Participation in person or telephonically or communicating approval of NJ-based EAD's letter does not "constitute purposeful activities related to the" Plaintiff's defamation claims to permit long-arm jurisdiction.

### Plaintiff's New Intentional Infliction of Emotional Distress Claim is Meritless:

Plaintiff's pre-motion response indicated that he intends to add a new claim for intentional infliction of emotional distress.  Such a claim would be inappropriate because the September 3rd Letter  is clearly not "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  Murphy v. American Home Products Corp., 58 N.Y.2d 293, 303 (1983) (quoting Restatement [Second] of Torts §46).

While Defendants appreciate Plaintiff's withdrawal of his false light claim Defendants respectfully submit that their pre-answer motion to dismiss remains warranted.

Respectfully yours,

_____
Donald J. Feerick, Jr., Esq.
Alak Shah, Esq.

Enclosures
cc:    Oleg Rivkin, Esq. (*Via ECF and Email*)