

800 Third Avenue, Suite 2800  •  New York, New York 10022  •  +1 212.231.9776  •  www.rivkinlawgroup.com

Oleg Rivkin
t. 212.231.9776
m. 201.362.4100
or@rivkinlawgroup.com

*VIA ECF*                                                                        February 2, 2021

Hon. Victor Marrero
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

   Re: Belya v. Kapral *et al*.
      <u>Case No. 20-cv-6597-SDNY (VM)</u>

Dear Judge Marrero,

   We are counsel for the plaintiff in the above-referenced matter. Pursuant to the Court's Order, dated January 25, 2021 (Dkt. No. 44), we respond to defendants' letter to the Court, dated January 22, 2021 (Dkt. No. 43).

### **<u>The Proposed Amended Complaint Follows the Court's Order</u>**

   Defendants' letter questions the sufficiency of the proposed amended complaint, which we filed together with our letter to the Court, dated January 14, 2021 (Dkt. No. 42). The proposed amended complaint was filed pursuant to the Court's prior Order, dated January 5, 2021 (Dkt. No. 41). That Order directed plaintiff to file "a proposed amended complaint as indicated by Plaintiff's December 1, 2020 letter." We did precisely that.

   Our December 1, 2020, letter (Dkt. No. 39), which was directed to defendants' counsel in accordance with the Court's pre-motion procedure, identified three specific points on which plaintiff was prepared to amend the original complaint in order to obviate the need for a motion to dismiss, as follows:

   ***First***, we offered (in footnote 1) to amend the basis for personal jurisdiction over the defendant EAD, by adding general jurisdiction under CPLR 301. The proposed amended complaint includes this allegation in ¶ 19.

   ***Second***, we offered (on pp. 2-3) to amend the allegations as to personal jurisdiction over individual out-of-state defendants. The proposed amended complaint includes these allegations in a new section entitled "*Facts Relevant to Personal Jurisdiction Over Non-Domiciliary Defendants*," ¶¶ 59 – 64. These jurisdictional allegations track virtually verbatim the facts stated in the

Hon. Victor Marrero
February 2, 2021

December 1, 2000, letter, which we stated we were prepared to allege in order to address the defendants' jurisdictional argument. Notably, in neither of their letters to the Court (Dkt. Nos. 40, 43) have the defendants challenged the accuracy of these allegations. Nor have they offered any argument why these allegations would not be sufficient for personal jurisdiction over the out-of-state defendants.

      *Third*, we agreed (on p. 3) to withdraw our claim for false light under Florida law. This claim is not included in the proposed amended complaint.

      In sum, we did precisely what the Court directed us to do: file a proposed amended complaint, consistent with our December 1, 2020, letter.  Defendant's assertion that the amended complaint "offers modest changes," misses the point that it is *only on the three points above* that we offered to amend the complaint. As to the remainder of the defendants' arguments, our position has always been – and remains – that they are without merit.

## The September 3 Letter Is Defamatory On Its Face

      The September 3 letter stated that defendant Hilarion Kapral ("Hilarion") "knew nothing about the written appeals directed  to Moscow containing a request of the episcopal election [of the plaintiff] by the Synod of Bishops." (Am. Comp. ¶ 42).

      These "written appeals," to which the September 3 letter refers, *were Hilarion's own letters, signed by Hilarion in his own hand, and stamped with his official seal*. (Am. Comp. ¶ 31, 34).

      The September 3 letter thus announced to the entire ROCOR community that defendant Hilarion had no knowledge of the two letters bearing his own signature and seal.

      An analogous situation would be if the President had signed a letter appointing an ambassador, and then, after the appointee had presented his credentials to the Department of State, the White House issued a statement that the President "knew nothing" of any such letter of appointment. Or, not to belabor the point, if a law school's office of the dean had issued a statement that the dean "knew nothing" of a letter of recommendation bearing his signature, which a job applicant had presented at a law firm interview. Any reasonable person would conclude in these circumstances that the President's letter of appointment and the dean's letter of recommendation had been fabricated and the physical signatures on them forged.

      By publicly announcing that Hilarion was unaware of the two letters bearing his own handwritten signature and his seal, the defendants accused the plaintiff not only of forging the signature, but of fabricating every statement in the two letters.  These statements are listed in ¶¶ 66(a)-(h) of the Amended Complaint. Each of these is an actionable defamatory statement.

      No further proof is needed as to the defendants' intended meaning of the September 3 letter than the fact that defendant Gan himself posted the following on his church's social media site (Am. Comp. ¶¶ 53):

Alleged ROCOR episcopal nominee Fr. Alexander Belya, already confirmed by the ROCOR Synod, had not been elected by the ROCOR Synod and a letter informing about

Hon. Victor Marrero
February 2, 2021

his nomination sent to Moscow was a forgery.  The priest in question [*i.e. the plaintiff*] was suspended, internal investigation was started.

We addressed in inapplicability of the doctrine of qualified privilege in substantial detail in our letter of January 14 (Dkt. No. 42). Defendants' continued insistence that qualified privilege provides them with a shield adds nothing of substance to their argument. Defendants do not and cannot explain why a knowingly and deliberately false and widely disseminated accusation of forgery does not satisfy the malice (including reckless disregard) standard. Defendants' position is untenable as a matter of law and common sense.

### This Case Involves No Religious Issues

Defendants "do not dispute the general principle that Courts may resolve purely secular disputes," yet nevertheless claim that this case involves issues of "plaintiff's nomination, election, and confirmation." These are precisely the things this case *does not involve.*

Plaintiff is not challenging the Synod's decision to remove him from the hierarchy.  He does not question anything pertaining to his initial appointment and the subsequent undoing of that appointment.  He is not seeking reinstatement.  All he is seeking is monetary damages for having been publicly branded a forger and a fabricator. The only issues to be resolved by the trier of fact is whether the signatures on the two letters are in fact genuine, and whether defendants, in publicly accusing the plaintiff of having forged the signatures and falsified the contents, knew that the signatures were genuine.

Contrary to defendants' dismissal of *Laguerre v. Maurice*, ____ N.Y.S.3d ___, 2020 WL 7636435 (2d Dep't, Dec. 23, 2020), as involving a "dramatically different set of facts," *Laguerre* is in fact remarkably on point. That case involved an expelled pastor who was accused by the church of homosexuality and of viewing pornography. The pastor sued for defamation. Like the plaintiff here, he did not seek reinstatement. As here, the church in *Laguerre* argued that the case involved issues of internal church processes. The court, noting that the pastor was "not challeng[ing] his expulsion from the church or request[ing] a reinstatement as a church elder," held that "the allegedly defamatory remarks at issue … may be evaluated without reference to religious principles." It would be difficult to find a case more directly on point.

Thrice now (Dkt. Nos. 38, 40 and 43) defendants have asserted that the resolution of this case requires the Court to delve into religious issues, *without identifying a single disputed fact* of doctrinal religious nature which would need to be resolved in order to adjudicate plaintiff's claims. That is because there isn't one.

For the foregoing reasons, defendants' motion to dismiss should be denied.

Respectfully submitted,

Oleg Rivkin

cc:  Counsel of record (via ECF)