```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/6/2021
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------X
ALEXANDER BELYA,                  :
                                  :
            Plaintiff,            :
                                  :     **20 Civ. 6597(VM)**
       -against-                  :     **DECISION & ORDER**
                                  :
HILARION KAPRAL, et al.,          :
                                  :
            Defendants.           :
----------------------------------X
**VICTOR MARRERO, U.S.D.J.:**

Before the Court are two pending filings by defendants Hilarion Kapral a/k/a Metropolitan Hilarion, Nicholas Olkhovskiy, Victor Potapov, Serge Lukianov, David Straut, Alexandre Antchoutine, Mark Mancuso, George Temidis, Serafim Gan, Boris Dmitrieff, Eastern American Diocese of the Russian Orthodox Church Outside of Russia, the Synod of Bishops of the Russian Orthodox Church Outside of Russia, and John Does 1 through 100 ("Defendants") concerning the Court's May 19, 2021 Decision and Order denying Defendants' motion to dismiss so-deemed by the Court.

First, on June 16, 2021, Defendants filed a motion to alter a final judgment (the "Reconsideration Motion") pursuant to Federal Rule of Civil Procedure ("Rule") 59(e). (See Dkt. No. 51.) On June 24, 2021, Plaintiff opposed the Reconsideration Motion. (See Dkt. No. 53.) On July 1, 2021, Defendants filed a reply brief in support of their Reconsideration Motion. (See Dkt. No. 56.)

1

The Court hereby denies the Reconsideration Motion because it is untimely. Defendants bring their motion under Rule 59(e), which sets a 28-day window by which a party may seek to "alter or amend a judgment." But, no judgment has been entered in this matter and therefore Rule 59(e)'s limitations do not apply. Rather, Defendants' motion should have been brought under Local Rule 6.3, which governs the procedures for "Motions for Reconsideration or Reargument." Local Rule 6.3 states, however, that motions for reconsideration are due "within fourteen days after the entry of the Court's determination of the original motion." Given that the Motion was filed 28 days after the Court's Decision and Order, under Local Rule 6.3 the Motion was untimely.[1]

Second, on June 25, 2021, Defendants moved the Court to certify for interlocutory appeal under 28 U.S.C. § 1292(b) the Court's May 19, 2021 Decision and Order denying Defendants' motion to dismiss. (See "Certification Motion," Dkt. No. 54.) On June 27, 2021, Plaintiff opposed Defendants' motion. (See Dkt. No. 55.)

---

[1] Although the Court need not reach the merits, upon review of the Reconsideration Motion the Court is persuaded that the motion is meritless. The Reconsideration Motion does not "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked," as Local Rule 6.3 requires. Rather, the Reconsideration Motion attempts to inappropriately "relitigate[e] old issues, present[] the case under new theories, secur[e] a rehearing on the merits, or otherwise tak[e] a second bite at the apple . . . ." See Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012)

Section 1292(b) states that a district court may certify an interlocutory appeal only when the order (1) involves "a controlling question of law" (2) where "there is substantial ground for difference of opinion" and (3) where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." See 18 U.S.C. § 1292(b). "The moving party has the burden of establishing all three elements." Youngers v. Virtus Inv. Partners Inc., 228 F. Supp. 3d 295, 298 (S.D.N.Y. 2017). But "even when the elements of section 1292(b) are satisfied, the district court retains 'unfettered discretion' to deny certification." Garber v. Office of the Comm'r of Baseball, 120 F.Supp.3d 334, 337 (S.D.N.Y. 2014) (quoting National Asbestos Workers Med. Fund v. Philip Morris, Inc., 71 F. Supp. 2d 139, 162-63 (E.D.N.Y. 1999)).

"Interlocutory appeals are strongly disfavored in federal practice." In re Ambac Fin. Grp., Inc. Sec. Litig., 693 F. Supp. 2d 241, 282 (S.D.N.Y. 2010). Certification of an interlocutory appeal, "is not intended as a vehicle to provide early review of difficult rulings in hard cases." In re Levine, No. 94 Civ. 44257, 2004 WL 764709, at *2 (S.D.N.Y. Apr. 9, 2004). Instead, "only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."

In re Facebook, Inc., IPO Sec. & Derivative Litig., 986 F. Supp. 2d 524, 529-30 (S.D.N.Y. 2014) (quoting McNeil v. Aguilos, 820 F. Supp. 77, 79 (S.D.N.Y. 1993)) (alteration in original).

The Court denies the Certification Motion as the Court concludes certification is not appropriate here. Upon reviewing the precedents cited by Defendants, the Court is not persuaded that "there is substantial ground for difference of opinion" as to "a controlling question of law." See 18 U.S.C. § 1292(b). Rather, the controlling legal doctrines at issue, the ministerial exception and the doctrine of ecclesiastical abstention, are well established. Instead of presenting disagreement regarding the legal standards being applied, Defendants' arguments amount to disputes as to whether the factual situation presented fits into the ministerial exception or ecclesiastical abstention. The Court is not persuaded that those factual disputes merit certification for interlocutory appeal. Accordingly, the Court denies the Certification Motion.

## I.   ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion to alter or amend the Court's May 19, 2021 Decision and Order (Dkt. No. 51) filed by defendants Hilarion Kapral a/k/a Metropolitan Hilarion,

4

Nicholas Olkhovskiy, Victor Potapov, Serge Lukianov, David Straut, Alexandre Antchoutine, Mark Mancuso, George Temidis, Serafim Gan, Boris Dmitrieff, Eastern American Diocese of the Russian Orthodox Church Outside of Russia, the Synod of Bishops of the Russian Orthodox Church Outside of Russia, and John Does 1 through 100 ("Defendants") is **DENIED**, and it is further

**ORDERED** that Defendants' motion to certify the Court's May 19, 2021 Decision and Order for interlocutory appeal (Dkt. No. 54) is **DENIED,** and it further

**ORDERED** that Defendants are directed to file their Answer to the Amended Complaint within seven days of the date of this Order.

**SO ORDERED:**

Dated:    New York, New York
          6 July 2021

_____
Victor Marrero
U.S.D.J.