UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
                                            :

ALEXANDER BELYA,                               :               INDEX NO.: 20-cv-6597 (AS)

                      Plaintiff,                      :

                  -against-                    :

HILARION KAPRAL a/k/a METROPOLITAN   :
HILARION; et al.,

                    Defendants.             :
-----------------------------------------------------------------------------X

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF
MOTION TO DEEM GENUINENESS OF DOCUMENTS
ADMITTED AND FOR SANCTIONS**

       PLAINTIFF, ALEXANDER BELYA ("Belya"), by his undersigned counsel, submits this Reply in further support of Plaintiff's motion under Fed. R. Civ. P. 36(a)(6) for an order that the genuineness of four letters central to this action, and the genuineness of the signatures on these letters, is deemed admitted by Defendants, and for sanctions, including attorney's fees and costs, pursuant to Fed. R. Civ. P. 26(g)(3) and Fed. R. Civ. P. 37(c).

## ARGUMENT

       Addressing the arguments raised in Defendants' opposition [Dkt. 95]:

       Plaintiff respectfully submits that this is not in any meaningful sense a "discovery dispute." There is no dispute between the parties concerning documents not being produced, improper objections interposed, interrogatories not being responded or deposition questions improperly objected to, in other words, none of the typical matters that fall under the rubric of a discovery dispute. Plaintiff is not asking the Court to direct the Defendants to do anything. Plaintiff is seeking sanctions for providing false answers to Requests for Admissions and an order deeming those Requests admitted. Although the relief falls within Rules 26 and 37, this

motion could only have been brought *after* discovery was concluded, at least its final stage, depositions. Indeed, Rule 37(c)(2) contemplates this very post-discovery relief: "*Failure to Admit.* If a party fails to admit what is requested under Rule 36 and if the requesting party *later proves a document to be genuine* or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof." The words "later proves" clearly mean after discovery is completed.

      Because this is not a discovery motion, a meet-and-confer serves no purpose. What is there to confer about? Would Defendants have consented to a Court order deeming the Requests admitted? If so, they can still do it. Would Defendants have agreed to pay Plaintiff's legal fees and costs? Exceedingly unlikely, but if so, they can still do it as well. Clearly, as stated in Defendants' opposition, they intend to oppose the motion on the merits. For Defendants to argue that the motion should be denied because there was no meet-and-confer is disingenuous.

      Plaintiff's counsel was well aware of the Court's Individual Rules' requirements. Because counsel did not deem this a "discover dispute," he did not submit a pre-motion letter, as the rules permit. If counsel was in error, he apologizes to the Court and asks that under the circumstances the error be overlooked and the Court consider the motion.

      Defendants also argue that the motion is late because it was filed after fact discovery was closed. This is nonsensical. As stated above, under Rule 37 a motion for sanctions for false admission responses is typically a post-discovery motion, made after proof has been received by the court. Moreover, this motion could only have been made after depositions were concluded. The last Defendant's deposition was on April 15; the transcript for it was received by counsel on April 29.

Plaintiff could not have made this motion when he received Defendants' false responses, as Defendants seem to suggest. That is because Plaintiff accepted the responses as a true statement of Defendants' position. It was the deposition testimony that established the falsity of those responses. In sum, if the Defendants are implying that Plaintiff is barred from making this motion because it was filed after the fact discovery deadline, this is baseless and illogical.

Plaintiff brought this motion now in part because, having expended significant amounts of money as a result of Defendants' false responses, Plaintiff now needs to spend more money on a forensic expert to establish the genuineness of the letters and the signatures on them. He should not have to be put through this additional expense. Deferring this motion until summary judgment or granting Defendants three additional weeks to file their substantive opposition would necessarily require Plaintiff to incur this needless expense.

For this reason, Plaintiff requests that Defendants' request for adjournment or extension be denied and that Plaintiff's motion to granted.

> Respectfully submitted,
>
> RIVKIN LAW GROUP pllc
>
> By: __/s/ Oleg Rivkin_____
> Oleg Rivkin (OR 1331)
>
> 48 Wall Street, Suite 1100
> New York, New York 10005
> Tel: (201) 362-4100
> *or@rivkinlawgroup.com*
> *Attorneys for Plaintiff*
> *Alexander Belya*