UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDER BELYA,<br><br>                    Plaintiff,<br><br>    -against-<br><br>HILARION KAPRAL et al.,<br><br>                    Defendants. | 20-cv-6597 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

On May 7, 2024, Plaintiff filed a motion for sanctions and other relief under Federal Rules of Civil Procedure 26 and 37. Dkt. 94. The basis for the motion is that Defendants' responses to Plaintiff's requests for admission allegedly contradict Defendants' deposition testimony. The requests for admission asked Defendants to admit "the genuineness of the document, and of the signature thereon, annexed" to the request. Dkt. 94-9. Defendants denied that statement completely, but Plaintiff says the Defendants admitted that the signature was genuine in their depositions. Defendant counters that the documents' "genuineness" includes questions of underlying authority, not just their bare authenticity, and the testimony didn't admit that the documents' makers had that authority. *See* Dkt. 95 at 3 n.1.

The Court denies the motion without prejudice. What the record shows and how it bears on this case is a matter for summary judgment. If the summary-judgment briefing reveals that Defendants' testimony really does contradict their responses to the requests for admission, Plaintiff might well be entitled to the costs of conducting the depositions. And Plaintiff may renew the motion at that time. But to deem the requests admitted at this stage and on this thin record would be premature and overkill—both sides agree that the documents' "genuineness" (in the broader sense used by Defendants) is what this case is all about.

The Court also notes that the motion violates its individual practices. Under the Court's practices, the parties must meet and confer before raising a discovery dispute with the Court. Its practices also limit the page count for the letters raising such disputes. Plaintiff ignored both requirements. He contends that this issue isn't a discovery dispute, but that is belied by the fact that he is seeking relief under Rules 26 and 37. Counsel should make sure to follow the Court's rules in the future. As a rule of thumb: if not sure, meet and confer.

The Clerk of Court is directed to close Dkt. 94.

SO ORDERED.

Dated: May 10, 2024
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge